# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| CARL A. COLEMAN, | ) |  |
|---|---|---|
| Petitioner, | ) |  |
|  | ) | CAUSE NO. 3:14CV428-PPS |
| vs. | ) |  |
| SUPERINTENDENT, | ) |  |
| Respondent. | ) |  |

## OPINION AND ORDER

Carl A. Coleman filed this habeas corpus case as a pro se prisoner, but I appointed Michael Parkinson to represent him because Coleman "convinced me that there [were] important issues to address, [and he was] unable to adequately present this case even if I gave him additional time to do so." DE 38 at 2.[1] The amended habeas corpus petition (DE 52) filed by Mr. Parkinson challenges Coleman's 2010 State court convictions in Elkhart County for Attempted Rape, Burglary, and Confinement as an Habitual Offender. He was sentenced to 53 years by the Elkhart County Judge. Coleman claims that there was insufficient evidence for the jury to have found him guilty.

Basically, Coleman's trial was a swearing contest between him and the victim as to what happened. The jury believed the victim. On appeal, the Court of Appeals of Indiana deferred to the jury explaining, "we neither reweigh the evidence nor assess witness credibility, and will

---

[1] Mr. Parkinson is an experienced habeas corpus litigator who has appeared before this court in many cases over the decades. I appreciate his able representation of Coleman in this case. Though I am denying habeas corpus relief, Parkinson's representation focused the issues and makes me confident that they have been properly addressed.

affirm unless no rational factfinder could have found the defendant guilty beyond a reasonable doubt." *Coleman v. State*, 941 N.E.2d 1114, *2 (Ind. Ct. App. 2011) (table).

Because the State courts adjudicated this claim on the merits, I can only grant habeas corpus if that ruling was an unreasonable determination of the facts or an unreasonable application of the law as announced by the U.S. Supreme Court. 28 U.S.C. § 2254(d). Here, Coleman does not dispute the application of the law. Rather he argues there was an unreasonable determination of the facts. So here are the facts as the Court of Appeals of Indiana explained them:

> As K.B. unlocked and opened her apartment door, Coleman wedged his bicycle tire in the doorway and forced his way into the apartment. He then locked the door from the inside and blocked the door with his bicycle.
> K.B. asked Coleman why he was in her apartment and told him to leave. He responded that "everything was going to be okay. That he was going to take his time with her," which she interpreted to mean that he intended to rape her. Although K.B. told Coleman to stop, he shoved her down onto her bed, where her son lay sleeping. Coleman removed his shorts, climbed on top of K.B., and attempted to kiss her and remove her shirt.
> K.B.'s friend, Shane Perrin, became alarmed when she did not respond to his attempts to contact her via cell phone. Perrin drove to K.B.'s apartment and knocked on the door. He entered the apartment, noted that K.B. looked terrified, and ordered Coleman to leave. Although Coleman argued with Perrin, he eventually left.
> After five or ten minutes, Coleman returned and knocked on K.B.'s door for an extended period of time. K.B., thinking that Coleman would leave if she spoke to him, exited her apartment and stood outside her front door to talk with Coleman as Perrin watched through the peep hole. Perrin noticed that Coleman had backed K.B. into a corner of the hallway, where she was cowering, at which point Perrin opened the door and threatened to call the police. Coleman left.

*Coleman v. State*, 950 N.E.2d 36, *1 (Ind. Ct. App. 2011) (table) (brackets and citations omitted).

Coleman claims that the State court determination of the facts was unreasonable because "[t]here was significant evidence presented to the jury to show that the behavior of Coleman and

2

the alleged victim 'K.B.' was inconsistent with that of any crime during the incident in question." DE 57 at 1 (brackets omitted). The State courts and the jury both disagreed with him, and so do I.

Let me explain why.

It is true that the victim did not claim that Coleman tried to rape her until she was interviewed for a third time by the police. Here's what happened: After the attempted rape, the victim didn't call the police. Instead, when Coleman returned to the victim's apartment, she opened the door and spoke with Coleman in the hallway. And then, when another individual caused the police to visit the alleged victim, the investigating officer asked her if Coleman had touched her, and she answered "no." The following day, the victim's mother got involved. The mother arranged to meet Coleman at the alleged victim's apartment. Coleman arrived, but so did the police. The police spoke with the victim a second time and she again failed to say anything to indicate that any crime had been committed by Coleman. But eventually, the victim changed her story and, for the first time, told the police that Coleman had tried to rape her. This is what led to Coleman being charged and his ultimate conviction at the trial.

Based on the foregoing facts, Coleman argues that the victim was incredible. Here's what he said in his brief to this court:

> This evidence leads to the reasonable conclusion that K.B.'s was not a victim. The record makes clear that K.B. lived in a poor neighborhood, that she was a single mother with an infant with no sign of a father. She did not accuse Coleman initially because she had, at least initially, invited him into her apartment for the purpose of having a sexual relationship with him, and only after her mother and other family members found out about it, did she claim innocence and point the finger at Coleman to avoid the wrath of her own mother and her other family members. The loss of such an emotional and financial support group for a young, single mother in a state of poverty is a powerful, if not coercive, force. Such a conclusion is a reasonable inference from the evidence presented at trial.

3

DE 57 at 2-3. He thus argues that the state court's handling of this case "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented" at trial. *See* 28 U.S.C.A. 2254(d)(2); *see also* DE 57 at 2-3 (citations omitted).

To be sure, there was more than one inference that could be drawn from the evidence. The jury heard conflicting testimony and made a reasonable choice. That's what juries do: resolve conflicts in the evidence. Long ago the Supreme Court cabined federal judges' ability to second-guess, in the habeas context, reasonable decisions of the jury: "A federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume – even if it does not affirmatively appear in the record – that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Jackson v. Virginia*, 443 U.S. 307, 326 (1979).

It was not unreasonable for the State courts to have affirmed Coleman's convictions because there was sufficient evidence. The jury heard the victim testify that after forcing his way into her apartment, blocking the door and refusing to leave, Coleman "pushed [her] on the bed... dropped his shorts...tried to take [her] shirt off [and] kept trying to kiss [her]." Trial Record at 181-83. *Jackson* requires that the evidence be viewed in the light most favorable to the prosecution. It was not unreasonable for the Court of Appeals of Indiana to have determined that a reasonable juror could have found the victim's testimony at trial credible even if it was not entirely consistent with her prior statements and actions. Victims can be scared and confused. They can make contradictory statements. But that alone does not prevent the jury from choosing to believe the testimony given at trial. Therefore habeas corpus relief must be denied.

As a final matter, pursuant to Section 2254 Habeas Corpus Rule 11, I must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability under 28 U.S.C. § 2253(c), the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, given the doubly deferential standard to be applied in sufficiency of the evidence claims on habeas corpus review, *Jones v. Butler*, 778 F.3d 575, 581 (7th Cir. 2015) (*citing Jackson v. Virginia*, 443 U.S. 307, 319 (1979)), reasonable jurists would not debate that habeas corpus relief must be denied in this case. There is no basis for encouraging Coleman to proceed further. Thus, a certificate of appealability must be denied. For the same reasons, he may not appeal in forma pauperis because an appeal could not be taken in good faith.

For the foregoing reasons the court **DENIES** habeas corpus relief; **DENIES** a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and **DENIES** leave to appeal in forma pauperis pursuant to 28 U.S.C. § 1915(a)(3). The clerk is **DIRECTED** to enter judgment in favor of the Respondent and against the Petitioner.

    **SO ORDERED**.

    ENTERED: March 6, 2017

                                                   /s/ Philip P. Simon
                                                   JUDGE
                                                 UNITED STATES DISTRICT COURT